**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>GERALD L. WOLFE,<br><br>　　　　Defendant - Appellant. | No. 12-50192<br><br>D.C. No. 8:10-cr-00191-AG-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted October 10, 2014
Pasadena, California

Before:  KLEINFELD, GRABER, and OWENS, Circuit Judges.

Defendant Gerald L. Wolfe appeals his conviction of conspiracy to commit

wire fraud, in violation of 18 U.S.C. § 1349, and the resulting restitution order.

We vacate and remand the restitution order, but otherwise affirm.

1.  The suppressed loan files were not material within the meaning of Brady

v. Maryland, 373 U.S. 83 (1963).  See United States v. Kohring, 637 F.3d 895, 901

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(9th Cir. 2011) (discussing the elements of a <u>Brady</u> violation); <u>United States v. Price</u>, 566 F.3d 900, 907 & n.6 (9th Cir. 2009) (stating that we review de novo asserted <u>Brady</u> violations).  The suppressed material would not have affected the defense arguments or the outcome, being almost entirely cumulative and introducing no new ground for impeachment.

2.  The district court did not err when it rejected Defendant's proposed jury instruction because the instructions that the court gave adequately explained that a conviction required a finding of intent.  <u>See</u> <u>United States v. Martinez-Martinez</u>, 369 F.3d 1076, 1083 (9th Cir. 2004) (holding that, on de novo review, it is not reversible error to reject a proposed instruction if other instructions adequately cover the theory).  Even though the prosecutor arguably misstated the law during closing argument, the court's contemporaneous curative instruction and the prosecutor's clarification of his statement eliminated any risk that the jury thought that it could convict without finding intent.

3.  Even assuming that introduction of evidence that Defendant refused to speak with an FBI investigator violated Defendant's Fifth Amendment right to remain silent, any error was harmless beyond a reasonable doubt.  <u>See</u> <u>United States v. Hernandez</u>, 476 F.3d 791, 797 (9th Cir. 2007) (stating the standard of review).  The FBI investigator testified only briefly about Defendant's cancellation

2

of the meeting, the government did not stress Defendant's silence to the jury during closing argument, there was otherwise overwhelming evidence of guilt, and the jury returned a verdict in less than an hour. See id. (articulating the test for a harmlessness analysis); United States v. Velarde-Gomez, 269 F.3d 1023, 1036 (9th Cir. 2001) (en banc) (holding that longer jury deliberations weigh against a finding of harmless error because "lengthy deliberations suggest a difficult case" (internal quotation marks and brackets omitted)).

4. The parties, and we, agree that we should vacate the restitution order and remand for recalculation. We recently clarified our law on the appropriate way to calculate restitution in light of Robers v. United States, 134 S. Ct. 1854, 1856 (2014). United States v. Luis, 765 F.3d 1061, 1067 (9th Cir. 2014). On remand, the district court will now have the benefit of Robers and Luis to guide its analysis.

We **VACATE** the restitution order and **REMAND** for recalculation of restitution. As to all remaining issues, we **AFFIRM**.